CLD-106                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3883
_____

ERIC LLOYD,
             Appellant

v.

J.T. SHARTLE
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-11-cv-01419)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2013

Before:  RENDELL, JORDAN and GARTH, Circuit Judges

(Opinion filed: February 14, 2013 )
_____

OPINION OF THE COURT
_____

PER CURIAM

       Eric Lloyd, a federal prisoner proceeding pro se, appeals from the United States

District Court for the District of New Jersey's order denying his petition pursuant to 28

U.S.C. § 2241, in which he challenged his prison disciplinary hearing and resulting sanctions. For the following reasons, we summarily will affirm.

Lloyd was formerly housed at the Federal Correctional Institution at Fort Dix (FCI-Fort Dix). While confined at FCI-Fort Dix, he was served with Incident Report No. 2008224, which charged him with violations of Code 108, Possession of a hazardous tool (cell phone); Code 297, Use of the telephone for non-criminal activity; and Code 327, Unauthorized contact with the public. The report indicated that during a review of property confiscated from Lloyd's locker, prison officials had discovered an email address and password associated with one of his known moniker's. The officials subsequently discovered that the email address had been used to create a Facebook account. After reviewing the Facebook account, the officials concluded that Lloyd had been posting updates to the account from inside FCI-Fort Dix using a cell phone. Lloyd was advised of his rights and he verbally denied the charges in the report.

An initial hearing was held at which Lloyd made no statements. The matter was ultimately referred to a Disciplinary Hearing Officer ("DHO"). Lloyd was provided with written notice of the DHO hearing and given a written statement of his rights at the hearing. He signed forms indicating that he did not wish to have a staff representative or witness. At the hearing, Lloyd denied the charges, stating that he never possessed a cell phone and that his family set up the Facebook account and would update it after receiving instructions from him on the prison phone. No cell phone was discovered among Lloyd's possessions, but multiple posts to his Facebook account provided circumstantial evidence

2

that he possessed one.[1]  Following the hearing, the DHO issued a written decision finding that Lloyd committed the acts charged and setting forth his reasoning and the evidence relied upon.  Lloyd was sanctioned to disciplinary segregation, loss of good conduct time, loss of phone privileges, loss of visiting privileges, and loss of commissary privileges.  Lloyd's ensuing appeals through the BOP administrative remedy process were denied.

Lloyd then filed a petition in the District Court, arguing that he should not have been charged with violating Code 108 because prison officials never found a cell phone and, in any case, a cell phone is not a "hazardous tool."  Lloyd argued that, at a minimum, his charge should have been reduced to a less severe Code 305 violation, possession of anything not authorized, as was done in previous cases involving other inmates.  The District Court, construing these as arguments under the Due Process and Equal Protection Clauses, denied Lloyd's petition.  Lloyd thereafter filed this appeal, and Appellee subsequently filed a motion to summarily affirm.

We have jurisdiction to hear this appeal under 28 U.S.C. §§ 1291 and 2253(a).  We review a District Court's legal conclusions de novo.  Marshall v. Hendricks, 307 F.3d 36, 50 (3d Cir. 2002).  We review the District Court's factual findings for clear error.  See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

---

[1] These included: "I got a new phone I'm having problems getting it turned on . . . I should be back on tomorrow so if u don't hear from me that's the reason"; "This is my new number []"; "I just burned my phone out so I got a major headache"; "I called u twice from the prison phone but u didn't answer . . . I'll try to hit you tomorrow . . . Do not say anything about a cell phone"; and "I had to be in federal prison with no A/C and

It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolf v. McDonnell, 418 U.S. 539, 556 (1974). Still, minimum procedural protections must apply to prison disciplinary proceedings when a prisoner's good conduct time is at stake, including (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety or correctional goals, to call witnesses and present documentary evidence in defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Id. at 563-67. Revocation of good time credit comports with procedural due process where the findings of the prison disciplinary board are supported by "some evidence" in the record. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). The "some evidence" standard is quite deferential, requiring the reviewing court to consider only whether there was any evidence in the record that could support the conclusion reached by the prison disciplinary decisionmaker. See id.

We agree with the District Court that Lloyd's due process rights were not violated during the disciplinary proceedings. He received advance written notice of the disciplinary charges, an opportunity to present a defense during a hearing, and a written decision explaining the reasoning and evidence relied upon. Although Lloyd argues that the evidence was insufficient because a cell phone was never found, the DHO's decision

_____

they stop selling fans." There were also photos on the Facebook page which the report noted could only have been taken with a camera phone from inside prison.

is clearly supported by "some evidence," namely the Facebook posts which strongly suggest that Lloyd was updating the account from within the institution. Those posts consisted not only of explicit references to possessing a cell phone within the prison, but also of pictures apparently taken with a camera phone from inside the institution.

We also agree with the District Court that Lloyd's equal protection rights were not violated by the disciplinary proceedings. In order to succeed on such a claim, Lloyd must demonstrate that the decisionmakers in his case acted with a discriminatory purpose. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Here, he alleges only that two other inmates previously had their Code 108 violations for possessing a cell phone eventually reduced to lesser charges. See Rhodes v. Robinson, 612 F.2d 766, 775 (3d Cir. Pa. 1979) (explaining that "[b]ecause the punishment handed down in any case of prisoner misconduct is determined on the basis of the facts of the particular case, the equal protection clause cannot require exact uniformity in degrees of punishment").

For the foregoing reasons, we will grant Appellee's motion and summarily affirm the order of the District Court.